UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARVIN WOODARD,                    )
                                   )        No. CR-98-40082-DLJ
              Petitioner,          )
                                   )
       v.                          )
                                   )        **ORDER**
UNITED STATES OF AMERICA,          )
                                   )
              Defendant.           )
_____)

On January 16, 2008, the Court received a letter from Defendant Marvin Woodard (Woodard) which the Court interprets as a motion for appointment of counsel. Woodard asserts in his letter that he has two legal matters for which he requires an attorney's assistance.

First, he wishes to make a motion to modify the terms of his supervised release. Under Federal Rule of Criminal Procedure 32.1(b), Woodard need not be represented by counsel for the Court to modify the terms of supervised release favorably for him on his own motion. See United States v. Navarro-Espinosa, 30 F.3d 1169 (9th Cir. 1994).

Second, he disputes the calculation of his prison credits by the Bureau of Prisons (BOP). Woodard states in his letter that he is currently represented by Marc Friedman of Eugene, Oregon. Apparently Woodard wants the Court to appoint counsel to assist his currently-retained attorney in this matter. 28 U.S.C. § 1915(d) allows the district court to appoint counsel to an indigent civil

litigant, based on the court's discretion.  <u>United States v. Madden</u>, 352 F.2d 792, 793 (9th Cir. 1965).  The Court declines to appoint counsel for Woodard under these circumstances.

At the end of the letter, Woodard requests that the Court set a hearing date for his motion to modify his terms of supervised release, and that the Court allow him sufficient time to file his motion.  The Court will not set a hearing date for a motion that has not yet been filed.  Woodard's release date is currently scheduled for June of this year.  Woodard is sentenced to 5 years of supervised release following his incarceration.  Woodard may make a motion under 18 U.S.C. § 3583(e)(2) to modify his supervised release at any time during his term of supervised release.

For the foregoing reasons, the Court DENIES Woodard's request for counsel and DENIES Woodard's request for a hearing.

IT IS SO ORDERED

Dated:     January 17, 2008

D. Lowell Jensen
United States District Judge