```
UNITED STATES OF AMERICA,      )
                               )
        Plaintiff/Respondent,  )
                               )
        v.                     )
                               )    No. CR-98-40082-22-DLJ
                               )
                               )
                               )    ORDER
MARVIN WOODARD,                )
                               )
        Defendant/Petitioner,  )
_____)
```

On June 23, 2008, defendant/petitioner Marvin Woodard ("Woodard") filed a letter with the Court. In this letter, Woodard asks the Court to modify two aspects of his sentence. The Court construes this letter as a motion under 28 U.S.C. § 2255 to correct Woodard's sentence.

In the letter, Woodard first challenges the Court's authority to revoke his supervised release. Woodard argues that such authority was not provided for in the judgment of commitment or contemplated by the parties' plea agreement. Second, Woodard argues that he should not be required to register as a drug offender pursuant to California law because he was not convicted of a state drug offense.

On August 19, 2008, Woodard filed a second letter with the Court. In this letter, Woodard reiterates his earlier objection to the requirement that he register as a drug offender pursuant to state law. In addition, Woodard challenges his probation officer's request that Woodard provide the officer with a key to Woodard's residence. Because the latter request relates to the manner in

which Woodard's sentence is executed, the Court construes this request as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

**I.   Authority to Revoke Supervised Release**

Woodard's challenge fails for two reasons.  First, Woodard signed the addendum to which he now objects.  Second, the Court's authority to revoke a sentence of supervised release derives from the supervised release statute, not from the judgment of commitment or the parties' plea agreement.  See 18 U.S.C. § 3582. Accordingly, Woodard's challenge lacks merit.

**II.  Drug Offender Registration Under State Law**

California Health and Safety Code section 11590(b) requires federal convicts to register as drug offenders if they are "convicted in any federal court of any offense which, if committed or attempted in this state would have been punishable as one or more of the offenses enumerated in subdivision (a)."  Woodard was convicted of such a federal offense.  Accordingly, contrary to Woodard's view, Woodard's federal conviction requires him to register as a drug offender under California law.

**III. Key to Woodard's Residence**

Last, Woodard objects to his probation officer's request that Woodard provide the officer with a key to Woodard's residence. This Court does not interfere with the manner in which probation officers execute their duties.  Because Woodard has identified no

reason why the Court should depart from this general practice, the Court declines to do so.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby rules as follows:

(1) The § 2255 motion is DENIED.

(2) The § 2241 petition is DENIED.

IT IS SO ORDERED

Dated: November 17, 2008

D. Lowell Jensen
United States District Judge